UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DANIELLE SANDLIN, ET AL.**                           **CIVIL ACTION**

**VERSUS**                                             **NO. 19-556-BAJ-RLB**

**DENIS URBINA, ET AL.**

**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery (R. Doc. 29) filed on September 15, 2020. The deadline to file an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

Plaintiff moves for an order compelling Defendants to respond to Interrogatories and Requests for Production served on September 24, 2019. (R. Doc. 29-2 at 1-15). Plaintiff also moves for an order requiring the defendants Benitez Express, LLC ("Benitez") and Denis Urbina ("Urbina") to appear for depositions. The record indicates that on August 4, 2020, Plaintiff requested dates for the depositions of Benitez and Urbina and provided an unsigned draft Rule 30(b)(6) deposition notice with respect to Benitez. (R. Doc. 29-2 at 16-27).

Defendants had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiff certifies that on August 14, 2020, he "conferred by telephone in good faith" with defense counsel with respect to the discovery at issue. (R. Doc. 29 at 1). Plaintiff represents that defense counsel advised at the conference that the discovery responses would be provided by September 1, 2020, but has not provided those responses since the filing of the instant motion. (R. Doc. 29-2 at 2).

On September 11, 2020, Defendants filed an unopposed motion to extend certain deadlines in the court's Scheduling Order. (R. Doc. 27). Plaintiff filed the instant motion to compel on September 15, 2020. (R. Doc. 29). On September 18, 2020, the Court granted

Defendant's motion and, among other things, reset the deadline to complete discovery to November 16, 2020. (R. Doc. 30).  Defendants did not timely file an opposition to Plaintiff's motion to compel.

As Defendants did not make any timely objections to Plaintiff's written discovery requests, the Court finds that Defendants have waived their objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").  Accordingly, the Court will require Defendants to provide responses to Plaintiff's Interrogatories and Requests for Production served on September 24, 2019 (R. Doc. 29-2 at 1-15) without any objections other than those pertaining to any applicable privileges or immunities.

The Court will not, however, compel the depositions of Benitez and Urbina based on the representations made in the instant motion.  It is unclear whether Plaintiff has noticed Urbina's deposition as required by Rule 30(b)(1) of the Federal Rules of Civil Procedure.  Furthermore, the record only contains a draft unsigned copy of a Rule 30(b)(6) notice submitted to Benitez. (R. Doc. 29-2 at 17-27).  The Rule 30(b)(6) deposition notice does not meet the basic requirements of Rule 30(b)(1) by setting a time for the deposition.  The Court will not order the Defendants to attend and/or provide dates of availability for  depositions in the absence of a properly issued

deposition notices as detailed by Rule 30(b)(1).  *See Byrd v. Castlepoint Fla. Ins. Co.*, No. 15-634, 2016 WL 1559584, at *2 (M.D. La. Apr. 18, 2016) (collecting cases).

Furthermore, while Rule 30 provides that a request for documents under Rule 34 may accompany a notice to a party deponent, "every discovery request . . . must be signed by at least one attorney of record in the attorney's own name."  Fed. R. Civ. P. 26(g)(1).  A party has "no duty to act on an unsigned . . . request . . . until it is signed."  Fed. R. Civ. P. 26(g)(2).  The deposition notice attaching the document requests is unsigned.  Accordingly, Benitez had no duty to respond to these unsigned draft document requests.

The deadline to complete non-expert discovery has been extended to November 16, 2020.  Plaintiff may notice the depositions of Benitez and Urbina prior to that deadline and, if necessary, seek a further extension of that deadline with respect to these depositions.[1]  Plaintiff shall propose additional date(s) for those depositions and defense counsel is ordered to respond without unnecessary delay regarding the scheduling of them.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 29) is **GRANTED IN PART and DENIED IN PART**.  Defendants must provide responses to Plaintiff's Interrogatories and Requests for Production served on September 24, 2019 (R. Doc. 29-2 at 1-15), without any objections other than those pertaining to any applicable privileges or immunities, no more than **7 days** from the docketing of this Order, or as otherwise agreed upon by the parties.

---

[1] The parties may agree to conduct the depositions after the current non-expert discovery deadline to the extent allowed by Local Rule 26(d)(1).

**IT IS FURTHER ORDERED** that defense counsel shall respond without any necessary delay to Plaintiff's proposed scheduling of the aforementioned depositions. Failure to comply with this order will result in sanctions.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs pursuant to Rule 37(a)(5)(C).

Signed in Baton Rouge, Louisiana, on October 22, 2020.

                                             _____
                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**