UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIELLE SANDLIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-556-BAJ-RLB** |
| **DENIS URBINA, ET AL.** | |

**ORDER**

Before the Court is Plaintiff's Motion for Sanctions for Failure to Comply with a Court Order and for Failure to Appear at Deposition filed on January 8, 2021 ("Motion for Sanctions"). (R. Doc. 43). The Court ordered expedited briefing. (R. Doc. 44). The motion is opposed. (R. Doc. 45).

**I.    Background**

This action arises out of a motor vehicle collision that occurred on September 20, 2018, between the Danielle Sandlin ("Plaintiff")[1] and the defendant Denis Urbina ("Urbina"). (R. Doc. 1-1). The Petition names as defendants Urbina, Benitez Express, LLC, Benitez Express, Inc., and Prime Insurance Co. (collectively, "Defendants"). The Petition alleges that Urbina was operating a 2013 Freightliner Cascadia owned by his employer and co-defendant Benitez Express, LLC and/or Benitez Express, Inc. (collectively, "Benitez Express") and that Urbina was operating the vehicle in the course and scope of his employment. (R. Doc. 1-1 at 2). The action was removed on August 22, 2019. (R. Doc. 1).

On September 15, 2020, Plaintiff filed a Motion to Compel, which sought an order compelling responses to Interrogatories and Requests for Production, and further compelling

---

[1] Also named as a plaintiff are Danielle Sandlin and James E. Sandlin, Jr. on behalf of a minor child.

Benitez Express and Urbina to appear for depositions. (R. Doc. 29). No opposition to the motion was filed into the record.

On October 22, 2020, the Court granted Plaintiff's Motion to Compel in part, ordered Defendants to respond to the discovery requests within 7 days without objections other than those pertaining to any applicable privileges or immunities, and ordered defense counsel to respond to Plaintiff's proposed scheduling of the sought depositions. (R. Doc. 31).

On November 16, 2020, Plaintiff noticed the deposition of Urbina and Benitez Express to occur, via videoconference, on December 21, 2020. (R. Doc. 43-4).

On December 17, 2020, the Court held a telephone status conference with counsel. (R. Doc 41). Defense counsel described for the Court his unsuccessful efforts to contact his client and obtain his cooperation in complying with the Court's order compelling discovery responses. Given these issues, the Court set January 11, 2021 as the deadline for the filing of any motion for failure to comply with the Court's Order on the Motion to Compel (R. Doc. 31), and extended the deadline to complete the Defendants' depositions to January 21, 2021.

On December 21, 2020, a corporate representative did not appear for Benitez Express's Rule 30(b)(6) deposition. (R. Doc. 43-5).

On January 8, 2021, Plaintiff filed the instant Motion for Sanctions, asserting that Benitez Express had not provided written discovery responses as ordered, and that a corporate representative did not appear for Benitez Express's Rule 30(b)(6) deposition. (R. Doc. 43).[2] Plaintiff seeks the following sanctions under Rule 37(b) and (d) of the Federal Rules of Civil Procedure: (1) entry of default judgment against Benitez Express; (2) finding as established facts that Urbina was acting in the course and scope of his employment with Benitez Express, that

---

[2] Plaintiff directs the motion specifically at Benitez Express, LLC.

Benitez Express is vicariously liable for the acts of Urbina, that Benitez Express negligently entrusted the 2015 Freightliner Cascadia to Urbina, and that Benitez Express failed to properly train, hire, and supervise Urbina; (3) prohibiting the defendants from offering evidence at trial or otherwise supporting Affirmative Defenses 1-4, 8-11, 15, and 17; (4) striking Defendants' affirmative defenses; (5) striking Defendants' Motion for Partial Summary Judgment filed on December 15, 2020 (R. Doc. 37);[3] (6) ordering the payment of reasonable expenses, including attorney's fees, for failure to comply with the Court's order; (7) alternatively, compelling Benitez Express's Rule 30(b)(6) deposition; and (8) finding Benitez Express in contempt. (R. Doc. 43 at 4-5).

In opposing the Motion for Sanctions, Defendants first highlight that the outstanding written discovery responses were provided to Plaintiff on January 12, 2021. (R. Doc. 45 at 1-2; *see* R. Docs. 45-1, 45-7).[4] The defendants acknowledge that Urbina has admitted that he was acting in the course and scope of his employment at the time of the collision. (R. Doc. 45 at 2). The defendants further assert that the "sole reason for the delay in submitting responses to the discovery propounded to Benitez Express lies solely at the feet of the owner Roberto Benitez." (R. Doc. 45 at 2). Defendants represent that defense counsel tried to obtain the discovery responses from Mr. Benitez through several telephone calls, received various assurances that the responses were forthcoming, and ultimately hired an investigator to locate Mr. Benitez when his number was no longer in service. (R. Doc. 45 at 2). While the investigator located Mr. Benitez and requested that he contact defense counsel's office, Mr. Benitez failed to do so. (R. Doc. 45 at 2). Finally, on November 27, 2020, defense counsel spoke with Mr. Benitez "advising him of the

---

[3] That motion is pending before the district judge.
[4] The written discovery responses were provided by Benitez Express, Inc. It is unclear whether separate responses were provided by Benitez Express, LLC.

3

urgency of securing these responses and again emailed him a list of the documents needed to properly respond to the discovery." (R. Doc. 45 at 2-3). On the day of the Rule 30(b)(6) deposition, defense counsel traveled to Mr. Benitez's home, but there was no answer at the door. (R. Doc. 45 at 3).

Defendants represent that "[o]nly until a concerted effort by Benitez's insurer and defense counsel did Benitez provide responses to the propounded discovery." (R. Doc. 45 at 3). Defendants admit that certain logs remain to be produced and that defense counsel has assured Plaintiff's counsel that both Urbina and Mr. Benitez would be available for depositions. (R. Doc. 45 at 3).

Given the foregoing, Defendants do not appear to dispute that the non-compliance with the Court's order is sanctionable. Instead, Defendants argue that the sanctions sought by Plaintiff are unjust, and request the imposition as a sanction "the submission of Benitez Express to a corporate deposition and/or the deposition of Roberto Benitez." (R. Doc. 45 at 5).

**II.   Law and Analysis**

    **A.   Legal Standards for Sanctions**

"Federal district courts have the inherent power, as well as the authority expressly granted under the Federal Rules of Civil Procedure, to impose sanctions where warranted." *Reyes v. Julia Place Condominiums Homeowners Association, Inc.*, Civil Action No. 12-2043, 2016 WL 5871278, at * 2 (E.D. La. Oct. 7, 2016). While a district court has "broad discretion" in fashioning remedies suited to the misconduct, usually a finding of bad faith or willful misconduct is necessary to support the severest remedies set forth in Rule 37(b)(2)(A). *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). "Lesser sanctions do not require a finding of willfulness." *Id*.

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Instead of or in addition to sanctions permitted under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Apart from the Federal Rules of Civil Procedure, "[f]ederal courts have the inherent power to assess sanctions under certain circumstances," such as "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the 'very temple of justice.'" *Matter of Dallas Roadster, Limited*, 846 F.3d 112, 134 (5th Cir. 2017) (citing *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997)) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). *See also Moench v. Marquette Transportation Co. Gulf-Inland, LLC*, 838 F.3d 586, 595 (5th Cir. 2016) (same); *In re Proeducation International, Inc.*, 587 F.3d 296, 304 (5th Cir. 2009) ("To support an award of sanctions under its inherent power, '[a] court must make a specific finding that the sanctioned party acted in bad faith.'") (quoting *Matta*, 118 F.3d at 416); *Valley View Rentals, LLC v. Colonial Pipeline Co.*, No. 11-688, 2013 WL 12182682, at *2 (M.D. La. May 28, 2013) ("The court's inherent power to impose sanctions is limited to circumstances where the sanctioned party has acted in bad faith."). In using this inherent power, the court "'must comply with the mandates of due process, both in determining that the requisite bad faith exists and in

5

assessing fees.'" *Dallas Roadster*, 846 F.3d at 134 (citing *Sandifer v. Gusman*, 637 Fed. App'x. 117, 121 (5th Cir. 2015) (per curiam) (quoting *Chambers*, 501 U.S. at 50)).

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id*. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).

Rule 37(d) provides that the Court may "order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Fifth Circuit has held Rule 37(d) sanctions are available where a designated Rule 30(b)(6) representative "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness," because under such circumstances, "the appearance is, for all practical purposes, no appearance at all.'" *Resolution*

*Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) (district court did not abuse its discretion in awarding fees and costs under Rule 37(d)).

Rule 30(g) similarly provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1); *see also* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."). An award of fees and expenses under Rule 30(g) may be appropriate even where the deponent was physically present at a deposition. *See Greenwood v. Dittmer*, 776 F.2d 785, 790 (8th Cir. 1985).

**B.     Analysis**

There is no dispute in the record that Benitez Express failed to timely provide written discovery responses in accordance with the Court's orders and failed to appear for its scheduled Rule 30(b)(6) deposition. The extreme sanctions sought by Plaintiff, however, are unwarranted given the record. Since the filing of the instant motion, Benitez Express has provided written discovery responses. The Court will provide Plaintiff the opportunity to review these written discovery responses and file any appropriate motion with respect to those responses within **14 days** of this Order. Benitez Express is on notice that this conduct will no longer be tolerated. More severe sanctions were only avoided by counsel's efforts. Appropriate sanctions will be issued for any additional failures to comply with Court orders.

The Court will award the alternative relies sought by Plaintiff, namely an order compelling Benitez Express to appear for a Rule 30(b)(6) deposition. No late objections to the deposition notice will be allowed. Benitez Express must provide a corporate representative to

appear for a deposition within **14 days** of the date of this Order, or as otherwise agreed upon by Plaintiff's counsel. Plaintiff may also subpoena Mr. Benitez to appear for an individual deposition within **14 days** of the date of this Order. The Court will also award Plaintiff the reasonable expenses incurred in filing the instant motion and attending the deposition of Benitez Express on December 21, 2020. The defendant Benitez Express shall be responsible for payment of the sanctions. No further sanctions are awarded at this time.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (R. Doc. 43) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Benitez Express is compelled to appear for a Rule 30(b)(6) deposition within **14 days** of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Benitez Express shall pay Plaintiff the reasonable expenses incurred in bringing this Motion for Sanctions and attending the deposition of Benitez Express on December 21, 2020.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing this Motion For Sanctions and for attending the deposition of Benitez Express on December 21, 2020, and that Benitez Express shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs, Benitez Express shall pay that amount;

(2) If the parties do not agree to a resolution, Plaintiff may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Benitez Express shall, within 7 days of the filing of Plaintiff's Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on January 27, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**