UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIELLE SANDLIN, ET AL.                          CIVIL ACTION

VERSUS                                            NO. 19-556-BAJ-RLB

DENIS URBINA, ET AL.

**ORDER**

Before the Court is Plaintiff's Second Motion to Compel Discovery and for Leave of Court to Take Deposition by Video Conference filed on April 21, 2021 ("Motion to Compel"). (R. Doc. 57). The motion is opposed. (R. Doc. 58).

**I.      Background**

This action arises out of a motor vehicle collision that occurred on September 20, 2018, between Danielle Sandlin ("Plaintiff")[1] and the defendant Denis Urbina ("Urbina"). (R. Doc. 1-1). The Petition names as defendants Urbina, Benitez Express, LLC, Benitez Express, Inc., and Prime Insurance Co. (collectively, "Defendants").[2] The Petition alleges that Urbina was operating a 2013 Freightliner Cascadia owned by his employer and co-defendant Benitez Express, LLC and/or Benitez Express, Inc. (collectively, "Benitez Express"), and that Urbina was operating the vehicle in the course and scope of his employment. Plaintiff seeks to recover from Benitez Express under the theories of vicariously liability and direct negligence, including negligent entrustment, hiring, training, and supervision of Urbina. The action was removed on August 22, 2019. (R. Doc. 1).

---

[1] Also named as a plaintiff are Danielle Sandlin and James E. Sandlin, Jr. on behalf of a minor child.
[2] The defendant Government Employees Insurance Company, in its capacity as Plaintiff's uninsured/undersigned motorist insurer, has been dismissed without prejudice. (R. Doc. 21).

1

On September 15, 2020, Plaintiff filed her first Motion to Compel. (R. Doc. 29). That motion sought an order compelling Defendants to provide responses to written discovery, and for Benitez Express and Urbina to appear for depositions. The Court ordered Defendants to respond to Plaintiff's written discovery requests without any objections other than those pertaining to any applicable privileges or immunities, and required Plaintiff to notice the sought depositions. (R. Doc. 31).

On December 15, 2020, Defendants filed a Motion for Partial Summary Judgment, which seeks dismissal of the direct negligence claims brought against Benitez Express because Defendants have admitted that Urbina was acting within the course and scope of his employment with Benitez Express at the time of the motor vehicle collision. (R. Doc. 37). In opposing the motion, Plaintiff argues that Defendants have not unequivocally admitted that Urbina was acting in the course and scope of his employment at the time of the collision, and even if they did, Plaintiff can still proceed with direct negligence claims against Benitez Express. (R. Doc. 42). This dispositive motion remains pending before the district judge.

On January 27, 2021, the Court granted in part a motion for sanctions filed by Plaintiff, and compelled Benitez Express to appear for a Rule 30(b)(6) deposition. (R. Doc. 47). The Rule 30(b)(6) deposition was taken on March 4, 2021. (*See* R. Doc. 52-2). Plaintiff sought, and obtained, an extension of the discovery deadline for the purpose of filing an appropriate motion with respect to Benitez Express's discovery responses and deposition. (R. Docs. 50, 55).

On April 21, 2021, Plaintiff timely filed the instant Motion to Compel, which seeks an order requiring (1) Benitez Express to supplement its response to Plaintiff's Interrogatory No. 4 by providing the current contact information of its former employee Osvaldo Gonzalez ("Gonzalez"), (2) granting Plaintiff leave of court to take the deposition of Gonzalez by remote

video conference, and (3) compelling Urbina to execute and provide to Plaintiff any release forms/authorization necessary to obtain the release of Urbina's tax and earnings records from 2016 to 2018, including a Request for Copy of Tax Returns (IRS Form 4506) and Request for Social Security Earning Information (Form SSA-7050-F4). (R. Doc. 57). Plaintiff seeks to take Gonzalez's deposition because Benitez Express's designate corporate representative, Roberto Benitez, identified Gonzalez as being the most knowledgeable on various deposition topics such as training and supervision of employees. Benitez Express failed, however, to identify Gonzalez in its initial disclosures or in response to Interrogatory No. 4. Plaintiff also seeks additional information regarding Urbina's employment records in light of inconsistencies between the employment records and employment applications produced.

In opposition, Defendants represent that Gonzalez was not disclosed or identified in discovery responses in light of communication issues between defense counsel and Roberto Benitez (who only speaks Spanish). (R. Doc. 58 at 2-4). Defendants also oppose Gonzalez's deposition because the testimony sought from him is relevant solely to Plaintiff's direct negligence claims, which will be moot if Defendants obtain a successful ruling on their Motion for Partial Summary Judgment. (R. Doc. 58 at 4-5). Similarly, Defendants argue that Urbina's dates of employment are not relevant because Defendants have admitted that Urbina was acting in the course and scope of his employment at the time of the motor vehicle collision. (R. Doc. 58 at 5-6).

## II.   Law and Analysis

### A.   Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

3

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id*. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The

4

deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).

      **B.**      **Contact information for Osvaldo Gonzalez**

Plaintiff seeks to obtain Gonzalez's current contact information in light of Roberto Benitez's lack of knowledge at Benitez Express's Rule 30(b)(6) deposition about several noticed topics, his identification of Gonzalez as the individual with the most knowledge about these topics, and his testimony that at the time of the collision, Gonzalez "was the company's accountant, safety supervisor and operations manager, and . . . was in charge of the company's safety procedures, inspecting driver's logs, and the training and supervision of company drivers regarding safety, including, Denis Urbina." (R. Doc. 57 at 11) (citing R. Doc. 57-1). There is no dispute that Defendants did not identify Gonzalez as a witness likely to have discoverable information in their initial disclosures as required under Rule 26(a)(1)(i) and did not identify him in response to Plaintiff's Interrogatory No. 4, which requested Defendants to "state the name, address, telephone number, and a brief synopsis of the expected testimony of each and every witness who has information relevant to any issue in this proceeding or whom you may call at the trial of this matter." (R. Doc. 57 at 12; *see* R. Doc. 45-7 at 3-4).

Plaintiff now seeks an order requiring Defendants to supplement their response to Plaintiff's Interrogatory Number 4 by providing Gonzalez's current contact information, including, his current address and telephone number. (R. Doc. 57 at 12). In opposition, Defendants argue that Benitez Express could not designate or produce Gonzalez as a corporate representative at its Rule 30(b)(6) deposition because he is a former employee. (R. Doc. 58 at 2-

5

3). Defendants also represent that any failure to disclose Gonzalez was a result of communication difficulties between defense counsel and Roberto Benitez. (R. Doc. 58 at 3-4).

Benitez Express had a duty to prepare its Rule 30(b)(6) representative, Roberto Benitez, "to the extent matters are reasonably available, whether from documents, *past employees*, or other sources." *Brazos River Auth., Inc.*, 469 F.3d at 433 (emphasis added). Accordingly, Benitez Express should have contacted or attempted to contact Gonzalez to the extent he had responsive information to the Rule 30(b)(6) deposition topics that was otherwise unknown to current employees of Benitez Express, and educate its Rule 30(b)(6) representative on the topics.

That said, Plaintiff is seeking an order compelling Defendants to supplement their response to Interrogatory No. 4 by providing Gonzalez's current contact information, not an order compelling Defendants to produce Gonzalez as a corporate representative in a continued Rule 30(b)(6) deposition. The Court has already ordered Defendants to provide an answer to this interrogatory without objection. In addition, Benitez Express has a duty to supplement its disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Accordingly, the Court will order Defendants to provide Gonzalez's current contact information as sought in Interrogatory No. 4, if known, within **7 days** of the date of this Order.

### C.    The Deposition of Osvaldo Gonzalez

Plaintiff also seeks leave of court to take Gonzalez's deposition by remote video conference, which is allowed by stipulation or court order under Rule 30(b)(4). (R. Doc. 57 at

6

13-15). Defendants represent that while they oppose any such deposition taking place, they do not oppose to any ordered deposition being conducted by videoconference. (R. Doc. 58 at 5).

Given that non-expert discovery is closed in this action, the Court must first determine whether Plaintiff has established good cause to allow Gonzalez's deposition to proceed in the first place. Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

While Plaintiff has not expressly addressed these factors, the Court finds good cause to extend the non-expert discovery deadline for the purpose of allowing Gonzalez's deposition to be taken. As discussed above, Defendants should have revealed the identity of (and contact information for) Gonzalez as part of their initial disclosures and in response to Interrogatory No. 4. Plaintiff seeks to take Gonzalez's deposition because Benitez Express could not testify at the Rule 30(b)(6) deposition with respect to certain information only known to Gonzalez. There is no dispute that the discovery sought is relevant to Plaintiff's direct negligence claims. While Defendants are seeking dismissal of Plaintiff's direct negligence claims, their Motion for Partial

7

Summary Judgment has not been decided and the Court does not find good cause to stay further discovery until that motion is ruled upon. The deposition will not result in any meaningful prejudice to Defendants given they caused the delay in identifying Gonzalez and his role within Benitez Express. The deposition will also not interfere with the trial date.

Based on the foregoing, the Court finds good cause to provide Plaintiff until **on or before June 30, 2021** o secure the deposition of Osvaldo Gonzalez. The Court will not *order* that the deposition be taken by videoconference at this time, however, because the non-party deponent has not yet been noticed and/or subpoenaed for the deposition, and the Court has no knowledge of his location or technical capabilities. Of course, the parties are encouraged to stipulate to the manner of the deposition as allowed by Rule 30(b)(4) and make the appropriate arrangements for Mr. Gonzales to testify. The Court also recognizes that deposition by videoconference may be the most efficient and cost effective way to proceed.

        **D.**    **Release Forms Pertaining to Employment Records**

Finally, Plaintiff seeks an order compelling Urbina to execute and provide to Plaintiff any release forms/authorization necessary to obtain the release of Urbina's tax and earnings records from 2016 to 2018, including a Request for Copy of Tax Returns (IRS Form 4506) and Request for Social Security Earning Information (Form SSA-7050-F4). (R. Doc. 57 at 15-19). The purpose of this sought discovery is to identify the exact date on which Urbina commenced his employment with Benitez Express.

Plaintiff sought, and was provided, Urbina's employment files and employment application. Urbina's employment application is dated January 16, 2017. (R. Doc. 45-7 at 66). But Urbina's employment history report states that he had been employed by Benitez Express since April of 2016. (R. Doc. 45-7 at 88). At his deposition, Urbina testified that he did not know

8

the exact date he began working for Benitez Express, but stated that he had been working for Benitez Express for up to two years prior to the September 20, 2018 collision. (R. Doc. 57-5 at 4). Benitez Express could not verify at its Rule 30(b)(6) deposition whether Urbina began working for it prior to January 16, 2017, again deferring to the written employment application and Gonzalez as the source of that information. (R. Doc. 57-1 at 22-23, 97-106).

      Defendants oppose this discovery on the basis that "Urbina's exact date of employment is not relevant to these proceedings." (R. Doc. 58 at 5). The Court disagrees. Plaintiff asserts that a determination of whether Urbina began working for Benitez Express in April of 2016 – approximately 9 months prior to submitting his employment application– is relevant in light of the direct negligence claim against Benitez Express. (R. Doc. 57 at 17-18). In particular, Plaintiff argues that allowing Urbina to drive a commercial vehicle prior to obtaining an application for employment (and background check) would violate 49 C.F.R. 391.21 and other pre-employment requirements governed by federal regulations. In light of the foregoing, the Court finds the exact date of Urbina's commencement of employment with Benitez Express to fall within the scope of discovery.

      Given the inconsistencies in the written documentation, and Urbina and Benitez Express's failure to provide an exact date of Urbina's commencement of employment, the Court finds good cause to allow Plaintiff to seek this discovery directly from Urbina despite the close of discovery. The Court will not, however, compel this discovery at this time because it has not been previously sought pursuant to Rule 34. Within **7 days** of the date of this Order, Plaintiff may serve a supplemental discovery request seeking the exact date of Urbina's commencement of employment with Benitez Express, including through release forms/authorization necessary to obtain the release of Urbina's tax and earnings records from 2016 to 2018. The Court will

9

require Urbina to respond to any such discovery request within **14 days** of service of the discovery requests.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Second Motion to Compel Discovery and for Leave of Court to Take Deposition by Video Conference (R. Doc. 57) is **GRANTED IN PART and DENIED IN PART** as discussed in the body of this Order. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on May 17, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**