UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIELLE SANDLIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **DENIS URBINA, ET AL.** | **NO. 19-00556-BAJ-RLB** |

### RULING AND ORDER

Before the Court is Defendants Denis Urbina, Benitez Express, L.L.C., Benitez Express, Inc., And Prime Insurance Co. (hereinafter "Defendants") **Motion for Partial Summary Judgment (Doc. 37).** Plaintiffs oppose the Motion. (Doc. 42). Defendants filed a Reply. (Doc. 46). For the reasons stated herein, the Motion is **GRANTED.**

### I.  FACTS

This case arises out of a motor vehicle accident in Livingston Parish, Louisiana. (Doc. 37-3, ¶ 1; Doc. 42-4, ¶ 1). The collision occurred between Plaintiff Danielle Sandlin's vehicle and Defendant Denis Urbina's vehicle. (*Id.*). Defendants admitted that "Urbina was in the course and scope of his employment with Benitez [] at the time of the collision forming the basis of this claim." (Doc. 46-1, p. 9).

Plaintiff Danielle Sandlin filed suit on behalf of herself and, along with Plaintiff James W. Sandlin, Jr., on behalf of their minor child. (Doc. 1-1, ¶ 12). Plaintiffs allege negligence claims against Urbina, the employee-driver of the vehicle involved in the collision. (*Id.* at ¶ 2). Plaintiffs allege direct negligence claims against Benitez, Urbina's employer, for negligent entrustment, failure to properly hire, train,

1

and supervise, and "other acts and omissions . . . which were in contravention of the exercise of due care, prudence, and the laws of the State of Louisiana . . . ." (*Id.* at ¶ 7). Plaintiffs also seek to hold Benitez vicariously liable for Urbina's negligence under the doctrine of *respondeat superior*. (*Id.* at ¶ 6).

Defendants move for partial summary judgment, arguing that Benitez cannot be both liable for its own direct negligence and vicariously liable for Urbina's negligence. (Doc. 37). Accordingly, Defendants seek dismissal of Plaintiffs' direct negligence claims against Benitez. (*Id.*).

## II. PROCEDURAL HISTORY

Plaintiffs filed suit in the 21st Judicial District Court for the Parish of Livingston on July 22, 2019. (Doc. 1-1). Thereafter, Defendants removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1). Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

## III. LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When

ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of [Defendant's] Motion, and therefore, the Court could grant [Defendant's] Motion for Summary Judgment on this basis alone.").

## IV.   DISCUSSION

Defendants move to dismiss Plaintiffs' direct negligence claims against Benitez. (Doc. 37-4, p. 2–3). Because Benitez has admitted that Urbina was in the

course and scope of his employment with Benitez at the time of the collision, Defendants argue that Benitez cannot be both liable for its own direct negligence and vicariously liable for Urbina's negligence. (*Id.* at p. 4).

Plaintiffs respond that the Court should deny Defendants' Motion, or alternatively, offer available relief under Federal Rule of Civil Procedure 56(d) due to Defendants' "dilatory tactics." (Doc. 42, p. 10–11). Plaintiffs argue that Benitez failed to submit "discovery responses or sworn testimony" confirming whether Benitez was in the course and scope of his employment at the time of the collision. (*Id.* at p. 3). Since Plaintiffs filed their Opposition, however, Defendants submitted discovery responses admitting that "Urbina was in the course and scope of his employment with Benitez [] at the time of the collision forming the basis of this claim." (Doc. 46-1, p. 9). Accordingly, Defendants have attested to the central fact necessary to resolve the instant motion. Plaintiffs' request is moot.

The Court now turns to the issue of whether Plaintiffs can maintain direct negligence claims against Benitez while simultaneously seeking to hold Benitez vicariously liable for its employee's negligence.

The Court recently addressed the same issue in *Meadors v. D'Agostino*, 2020 WL 1529367, at *2 (M.D. La. Mar. 30, 2020). *Meadors* involved a car accident between plaintiff and defendant D'Agostino. *Id.* at *1. The *Meadors* defendants stipulated that D'Agostino (hereinafter "employee-driver") was acting in the course and scope of his employment with his employer Buchanan (hereinafter "employer") when the collision occurred. *Id.*

4

The *Meadors* plaintiff alleged negligence claims against the employee-driver. *Id.* Plaintiff also alleged direct negligence claims against the employer for negligent supervision, training, and hiring of the employee-driver. *Id.* Concurrently, plaintiff alleged that the employer was vicariously liable for its employee's alleged negligent driving. *Id.*

The *Meadors* defendants moved for partial summary judgment, arguing that plaintiff could not simultaneously maintain claims for direct negligence and vicarious liability against the employer. *Id.* The Court addressed the following issue:

> The sole issue before the Court is whether a plaintiff may simultaneously maintain causes of action for *respondeat superior* and a direct negligence action (negligent hiring, training, and/or supervision) against the employer when the employer stipulates that the employee acted in the course and scope of employment when committing the alleged negligent act.

*Id.* at *2. The Court granted the *Meadors* defendants' motion for partial summary judgment and dismissed plaintiff's direct negligence claims against the employer. *Id.* at *4. The Court emphasized the following:

> Dismissing direct negligence claims against an employer, who remains vicariously liable under a theory of *respondeat superior*, does not subvert the [p]laintiff's right to be fully compensated for any injury suffered by the [d]efendant's negligence. This is because [p]laintiff's direct negligence claim is essentially subsumed in the direct negligence claim against the employee.

*Id.* (citing *Pigott v. Heath*, No. CV 18-9438, 2020 WL 564958, at *4 (E.D. La. Feb. 5, 2020)).

The relevant facts and issue are the same here. Plaintiffs seek to hold Benitez, the employer, liable for its alleged direct negligence and vicariously liable for its

5

employee's alleged negligence. (Doc. 37, p. 2; Doc. 1-1, ¶¶ 6–7). Defendants have stipulated that Urbina was in the course and scope of his employment with Benitez at the time of the accident. (Doc. 46-1, p. 9). Although the instant issue is virtually equivalent to that of *Meadors*, Plaintiffs urge the Court to reverse its prior ruling and adopt the United States District Court for the Western District of Louisiana's holding in *Gordon v. Great West Casualty Co.*, No. 2:18-CV-00967 (LEAD), 2020 WL 3472634, at *5 (W.D. La. June 25, 2020).[1] *See Meadors*, 2020 WL 1529367 at *4. Plaintiffs, however, fail to offer compelling facts or reasons why the Court should reverse its previous course in *Meadors. See id.* Accordingly, applying the same reasoning used in *Meadors*, the Court grants Defendants' Motion and dismisses Plaintiffs' direct negligence claims against Benitez.

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants Denis Urbina, Benitez Express, L.L.C., Benitez Express, Inc. And Prime Insurance Co.'s **Motion for Partial Summary Judgment (Doc. 37) is GRANTED.**

---

[1] In *Gordon*, the court held: "The undersigned therefore finds that the Louisiana Supreme Court has and would continue to permit direct negligence claims even against an employer who is vicariously liable for the employee's negligence." *Gordon v. Great W. Cas. Co.*, No. 2:18-CV-00967 (LEAD), 2020 WL 3472634, at *5 (W.D. La. June 25, 2020).

**IT IS FURTHER ORDERED** that Plaintiffs' direct negligence claims against Benitez are **DISMISSED.**

Baton Rouge, Louisiana, this 21st day of September, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**